IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ROBERT DAY, | ) | Case No. 1:16-cv-2813 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

**I.    Introduction**

This matter is before the court on a motion for payment of attorney fees pursuant to 42 U.S.C. § 406(b). ECF Doc. 22. This matter was referred to me for a report and recommendation on July 3, 2019. ECF Doc. 23. Because 42 U.S.C. § 406(b) authorizes this court to award reasonable fees requested by plaintiff's attorney, I recommend that the court award $19,615.75 to plaintiff's counsel and require her to refund $5,628.63 (the amount awarded in EAJA fees – ECF Doc. 21) to plaintiff, as further explained below.

**II.    Law & Analysis**

42 U.S.C. § 406(b)(1)(A) provides:

Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney

out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Plaintiff's counsel submits a contingency fee that she entered into with plaintiff. ECF Doc. 22-3. The agreement provides for attorneys' fees in the amount of 25% of the past due benefits.[1] In *Gisbrecht v. Barnhart,* 535 U.S. 789, 808-809, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002), the Court held that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements. Here, the Social Security Administration calculated the attorneys' fee from Day's past due benefits to be $29,615.75. ECF Doc. 22-5 at 2. Plaintiff's counsel represents that she has already received $10,000 in fees from the administrative level. ECF Doc. 22 at 1. She seeks the remaining amount from this court pursuant to 42 U.S.C. § 406(b). She acknowledges that she will be required to refund $5,628.63 to Day for EAJA fees this court previously awarded. ECF Doc. 22 at 1.

Defendant filed a response to plaintiff's motion on July 11. ECF Doc. 24. Defendant does not object to § 406(b) fees being awarded in this case. Nor does he argue that the amount requested is unreasonable or that a lower amount should be awarded. Defendant only requests that plaintiff's attorney be required to refund the amount awarded in EAJA fees to Mr. Day. Thus, it doesn't appear that there is any dispute between the parties in this case that 1) § 406(b) fees should be awarded; and 2) that the amount requested is reasonable.

---

[1] Sixth Circuit precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with the 25% cap of § 406(b). *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Nonetheless, the court is permitted to adjust the requested amount if it finds that the amount is unreasonable. *Lasley v. Comm'r of Soc. Sec.,* 771 F.3d 308 (6th Cir. 2014). Here, the defendant does not argue that the requested amount is unreasonable.

**III. Recommendation**

Upon review of the parties' arguments and applicable law, I find that the amount requested in attorneys' fees by plaintiff's counsel pursuant to 42 U.S.C. § 406(b)(1) is reasonable. I recommend that the court award $19,615.75 to plaintiffs' counsel and require her to refund $5,628.63 (the amount awarded in EAJA fees – ECF Doc. 21) to plaintiff.

Dated: July 30, 2019

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).